UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERROD HERNDON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAN JOSE BEHAVIORAL HEALTH,<br><br>　　　　Defendant(s). | Case No. 22-cv-01020-CRB  (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(ECF No. 2) |

　　　　Plaintiff, a former state prisoner currently at All Saints Extended Care, an assisted living facility in San Rafael, California, has filed a pro se complaint for damages under 42 U.S.C. § 1983 using the court's prisoner complaint form wherein he alleges that "staff" and "administr[at]ion" at San Jose Behavioral Health Hospital "stole my stuff from my room." ECF No. 1 at 2. Plaintiff also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915 which, based solely on his affidavit of poverty, is GRANTED.

　　　　Plaintiff's § 1983 action for damages against San Jose Behavioral Health Hospital staff and administration for unlawful deprivation of property must be DISMISSED pursuant to § 1915(e)(2) for failure to state a claim. First, it is well established that private entities and individuals do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct is not actionable under § 1983. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Second, it is also well established that a negligent or intentional deprivation of property by a state actor fails to state a due process claim under § 1983 if the state has an adequate post-deprivation remedy and California Law provides such an adequate post-deprivation remedy for deprivations of property by state actors. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff appears to suggest additional unlawful deprivations of property (and other wrongdoing) by the Marin County Sheriff and the San Rafael and Novato police departments. But any such additional claims of unlawful deprivation of property (or other wrongdoing) against these different (and unnamed) defendants must be brought in a separate action. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants belong in different suits).

The clerk is instructed to close the case and terminate plaintiff's motion for leave to proceed IFP (which the court grants above) appearing on ECF as item number 2.

**IT IS SO ORDERED**.

Dated: April 21, 2022

_____
CHARLES R. BREYER
United States District Judge